## THE BURLINGTON & MISSOURI RIVER RAILROAD COMPANY v. SINNAMON.

1. NOTICE TO RAILROAD COMPANIES: APPEAL. When the report of commissioners assessing damages for right of way, taken by a railroad company, was taken to the District Court on appeal, fourteen months after the filing of the appeal bond; *Held*, that the court erred in hearing the cause, and rendering judgment therein, before notice of the appeal was served on the appellee.

*Appeal from Wapello District Court.*

THURSDAY, OCTOBER 13.

ON the 18th day of September, 1857, the plaintiff caused the defendants damages, for the right of way of their road over lot four, in Ottumwa, to be assessed under "an act granting to Railroad Companies the right of way," approved January 18th, 1853. The damages were assessed at six hundred and thirty-seven dollars. On the 16th October following, within the thirty days limit prescribed by said act, the defendant filed an appeal bond with the sheriff. On the 15th December, 1858, one year and two months after taking the appeal, the papers were filed in the office of the clerk of the District Court. On the 18th, three days after the filing, the cause was heard *ex parte*, and a judgment rendered against plaintiff for the sum of $1800. The plaintiff had no notice of any proceedings after the assessment of the damages on the 18th September, 1857. From the judgment of the District Court, plaintiff appeals.

*David Rorer*, for the appellant.

By the omission to carry the case into the District Court,.

for fourteen months, the appeal was lost and there was a discontinuance by operation of law. *Whitewater Canal Co.* v. *Henderson*, 8 Black. 528; *Weathered* v. *Lee*, 3 Texas, 189. Though, it *may not* be the *notice*, that confers jurisdiction on the District Court—*Dubuque & Pacific Railroad Co.* v. *Crittenden*, 5 Iowa 514, and same v. *Shinn*, 5 Ib. 616—yet, as the commissioners to assess, exercised a limited and special jurisdiction; therefore the District Court, acting in their stead were in like manner of *limited* and *special jurisdiction* in *that respect*—especially after the lapse of so long a time betwixt the appeal and the time of filing the papers in court, wherefore the company were not bound to take notice of the appeal and follow it over all the intervening time, but before the court could try the cause, steps should have been taken to have the company notified and in court. Otherwise they had no day in court. *Dubuque & P. Railroad Co.* v. *Crittenden*, 5 Iowa 514; same v. *Shinn*, 5 Iowa 514; 3 Phil. Ev., Cow. & Hill's notes, 946; *Thatcher* v. *Powell, et al.*, 6 Wheat. 119; *Smith* v. *Fowle & Dunham*, 12 Wend. 8 and 11; *Shelden* v. *Newton*, 3 Ohio (N. S.) 494; *Kennedy* v. *Millsap*, 25 Ala. 560; *Shivers* v. *Wilson*, 6 Har. & John. 130; *Demming* v. *Corwin*, 11 Wend. 647; *Bordin* v. *Fitch*, 15 John. 141.

No appearance for the appellee.

STOCKTON, J.—There was no notice of the appeal to the railroad company, and no appearance for them in the District Court. It was erroneous to try the cause anew, and assess the defendant's damages without notice to the company. The other questions made, it will not be necessary to consider at present. The parties will have the opportunity of taking the opinion of the District Court upon them, and they will more properly come before us for consideration upon appeal from its decision.

                                        Judgment reversed.